IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
May 22, 2018
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| MICHAEL BRYAN, BRENDA BRYAN, JOSEPH KRAMAR and JOANN KRAMAR, and JAMES RUCKMAN and KIMBERLY RUCKMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CHEVRON U.S.A. INC., TUG HILL OPERATING, LLC, and TH EXPLORATION, LLC, <br><br> Defendants. | Case No. 5:18-CV-91 (Bailey) |

## NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, defendant Chevron U.S.A. Inc. ("Chevron") hereby files this Notice of Removal, removing the action captioned as *Bryan, et al. v. Chevron U.S.A. Inc., et al.*, Case No. 18-C-78, presently pending in the Circuit Court of Marshall County, West Virginia (the "State Court Action"), to the United States District Court for the Northern District of West Virginia. In support of its Notice of Removal, Chevron states as follows:

### I.   Background

1. Plaintiffs Michael Bryan, Brenda Bryan, Joseph Kramar, Joann Kramar, James Ruckman, and Kimberly Ruckman ("Plaintiffs") commenced this putative class action seeking to recover damages for allegedly underpaid oil and gas royalties by filing a complaint (the "Complaint") in the State Court Action on April 25, 2018. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Chevron was served with the complaint on May 1, 2018.

3. Chevron has not yet filed a responsive pleading in the Circuit Court of Marshall County, West Virginia.

### II. This Action Is Removable Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

4. This Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because (1) the citizenship of at least one putative class member is different from the citizenship of a defendant; (2) the putative class consists of at least 100 proposed class members; and (3) the aggregate amount placed in controversy by the claims of the named Plaintiff and the proposed class members exceeds the sum or value of $5,000,000, exclusive of costs and interest.

**A.   The Minimum Diversity of Citizenship Requirement Is Satisfied Because Chevron Is Not a Citizen of West Virginia.**

5. Under CAFA, 28 U.S.C. § 1332(d)(2)(A), minimal diversity jurisdiction exists if "any member of the class of plaintiffs is a citizen of a State different from any defendant."

6. As alleged in the Complaint, all Plaintiffs are citizens of West Virginia. (Ex. A ¶¶ 1-4).

7. Chevron is a corporation organized in the Commonwealth of Pennsylvania with its principal place of business in San Ramon, California. As such, for jurisdictional purposes, Chevron is a citizen of Pennsylvania and California.

8. Thus, the minimal diversity of citizenship requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied because the citizenship of at least one putative class member is different than the citizenship of Chevron.

**B.     The Putative Class Satisfies CAFA Because it Consists of More Than 100 Members.**

9.      Where the complaint is silent as to the purported number of putative class members, a removing defendant may assert in its removal papers that the class comprises over 100 individuals. *See Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 40-41 (1st Cir. 2009) (determining that even where proposed class not sufficiently defined, jurisdiction under CAFA exists if complaint contains allegations of class-wide harm, and seeks class-wide relief).

10.     Plaintiffs' proposed class would include "all individuals who executed West Virginia lease agreements with TriEnergy, Inc., whose leases included the same royalty language." (Ex. A ¶ 35).

11.     Plaintiffs allege that the putative class "is so numerous that joinder of all members is impracticable." (Ex. A ¶ 37).

12.     Specifically, Chevron is producing in excess of 100 lease agreements in West Virginia with the same royalty language that is at issue in the case.

13.     Based on these and other allegations, the aggregate number of class members in Plaintiffs' proposed class is at least 100 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

**C.     The Amount in Controversy Satisfies CAFA Because it Exceeds $5,000,000.**

14.     Plaintiffs allege Chevron has taken improper deductions from its royalty payments under the proposed class of leases.

15.     A removing defendant is permitted to aggregate the claims of the plaintiffs and the putative class to satisfy the amount-in-controversy requirement. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) (holding that "to 'determine whether the matter in

controversy' exceeds that sum, 'the claims of the individual class members shall be aggregated.'" (quoting 28 U.S.C. §1332(d)(6) (2006)).

16. Additionally, it is well established that in actions seeking declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *See Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1988).

17. The aggregate amount placed in controversy by Plaintiffs' claims is in excess of $5,000,000, exclusive of costs and interest. This includes prior deductions, potential future deductions, and Plaintiffs' claims for compensatory and punitive damages. While Chevron disputes Plaintiffs' claims and damages, based on the allegations as pled in the Complaint, the amount in controversy is in excess of $5,000,000.

18. Based on these and other allegations, the aggregate amount placed in controversy is at least $5,000,000 for the purposes of satisfying 28 U.S.C. § 1332(d)(5).

**III.   Compliance with Legal Requirements for Removal and Reservation of Rights.**

19. Removal of the State Court Action is timely because it is within thirty (30) days of service of the Complaint on Defendant Chevron. *See* 28 U.S.C. 1446(b); Fed. R. Civ. P. 6(a).

20. Removal is properly made to the United States District Court for the Northern District of West Virginia under 28 U.S.C. § 1441(a) because Marshall County, West Virginia, where this action is currently pending, sits within the Northern District of West Virginia. *See* 28 U.S.C. § 118(c).

21. A copy of this Notice of Removal will be filed with the Circuit Clerk of Marshall County and served upon Plaintiffs, as required by 28 U.S.C. § 1446(d).

22.    If any question arises as to the propriety of the removal of this State Court Action, Chevron respectfully requests the opportunity to present additional evidence and argument in support of its position that this case is removable.

23.    By filing this Notice of Removal, Chevron does not intend to waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including, but not limited to, objections regarding jurisdiction, venue, sufficiency of process, arbitrability, class certification, or the service of process.

WHEREFORE, Chevron removes to this Court the above-captioned action now pending in the Circuit Court of Marshall County, West Virginia.

Dated: May 22, 2018

Respectfully Submitted:

*/s/ J. Nicholas Ranjan*
J. Nicholas Ranjan (WVSB # 12946)
Thomas C. Ryan (WVSB # 9883)
Travis L. Brannon (WVSB # 12504)
Emily C. Weiss (WVSB # 12908)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, PA 15222
Tel: (412) 355-6500
Fax: (412) 355-6501
nicholas.ranjan@klgates.com
thomas.ryan@klgates.com
travis.brannon@klgates.com
emily.weiss@klgates.com

*Counsel for Chevron U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document, filed through the Court's CM/ECF system, will be served upon the registered participants identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 22nd day of May, 2018.

                                          James G. Bordas, Jr.
                                          Jeremy M. McGraw
                                          Bordas & Bordas, PLLC
                                          1358 National Road
                                          Wheeling, WV 26003

                                          *Counsel for Plaintiffs*

                                          */s/ J. Nicholas Ranjan*